IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WINDY CITY AMUSEMENTS, INC, | ) | **RECEIVED: AUGUST 14, 2008** |
| | ) | **08CV4633** |
| Plaintiff-Petitioner | ) | **JUDGE KOCORAS** |
| | ) | **MAGISTRATE JUDGE KEYS** |
| vs. | ) No.: | |
| | ) | |
| MAJESTIC MANUFACTURING, INC | ) | **AEE** |
| | ) | |
| Defendant-Respondant. | ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

NOW COMES THE Plaintiff, WINDY CITY AMUSEMENTS, INC. by and through their attorneys, FARACI & FARACI and complaining of Defendnant, MAJESTIC MANUFACTURING, INC. AND COMPLAINS AS FOLLOWS:

1. Windy City Amusements, Inc. is an Illinois Corporation, with its principle place of business in St. Charles, Il.

2. Majestic Manufacturing Inc., is an Ohio company, with its principle place of business in New Waterford, OH.

3. That the parties were in dispute relative to an amusement park ride describes as the X-Scream S/N 1M9LV3TO3W276002.

4. The terms and conditions of the contract for the purchase of the aforementioned ride provided for arbitration if any disputes arose. (See Plaintiff Ex. 1)

5. The dispute between the parties was submitted to binding arbitration pursuant to the agreement.

6. On January 3, 2008, DAVID L. KABOT, Arbitrator for the American Arbitration Association, submitted an award. (See Plaintiff Ex. 2)

7. Within 30 days of the award, MAJESTIC MANUFACTURING INC. filed a motion to modify the award.

8. The motion to modify was denied on February 5, 2008. (See Plaintiff Ex. 3)

9. On May 16, 2008, Plaintiff Windy City Amusements, Inc. sent a letter to Majestic Manufacturing, requesting their compliance with the Arbitrators award. (See Plaintiff Ex. 4)

10. On May 29, 2008, Defendant Majestic Manufacturing Inc. sent a reply letter to Plaintiff, Windy City Amusements Inc., with terms which were not in compliance with the Arbitrators award. (See Plaintiff Ex. 5)

11. Pursuant to 9 U.S.C. Sect. 9, this Court has jurisdiction to enter an Order Confirming the Award of the Arbitrator.

12. It can be reasonably anticipated that the conduct of the Defendants will continue in breach of the Arbitration Award.

13. That the conduct will cause immediate and irreparable injury, loss and damage if Defendants are not restrained and enjoined in the conduct complained of herein by Plaintiff;

14. That Plaintiff does not have an adequate remedy at law for the harm and damage which the Defendants' breach of agreement has caused and will continue to cause.

15. Greater injury would be inflicted upon Windy City Amusements, Inc. if injunctive relief is denied, than the slight, if any harm that will be inflicted upon the Defendant's were injunctive relief granted.

WHEREFORE, PLAINTIFF prays that this Honorable Court to enter an Order as follows:

1. Enjoin the DEFENDANT from further delay with regards to repair and delivery of the aforementioned product pursuant to the Arbitrators award.

2. Award Plaintiff damages in the amount of the value of the ride plus loss of revenue for the operation of the ride from the date the Arbitrator ordered delivery of the same, until it is delivered to Plaintiff, pursuant to the Arbitrators award.

3. Award of attorneys fees and any and all other relief this Courts deem appropriate.

SS// Peter S. Faraci
Attorney for Plaintiff

Peter S. Faraci
FARACI & FARACI
301 West Touhy Ave.
Park Ridge, IL 60068
(847) 292-0031
faraci@faracilaw.com

# SALES AGREEMENT

Date: MARCH 7, 2003

Seller, __MAJESTIC MANUFACTURING, INC.__, a __OHIO__ corporation doing business at __4536 S R # 7 NEW WATERFORD, OH 44445__ and Buyer, __WINDY CITY AMUSEMENTS__ a __IL__ corporation agree to the terms and conditions hereinafter set forth and appearing on the reverse hereof for the purpose of the sale of the equipment described below.

Seller: **MAJESTIC MANUFACTURING INC.**
Address: 4536 RT. 7
New Waterford, OH 44445

Phone: 330 XXX-457-2447
Fax: 330 XXX-457-7490

Buyer: WINDY CITY AMUSEMENTS
Address: 920 W. MAIN ST.
ST. CHARLES, IL 60174

Phone: 630-443-4547
Fax:

| QUANTITY | DESCRIPTION | AMOUNT |
|---|---|---|
| 1 | MAJESTIC XSCREAM TM 2003<br>EQUIPPED: 28 CAPACITY & SIMILAR TO TRADE SHOW MODEL IN GIBTOWN, 2003 | $400,000.00 |
| | ride delivered 6-25-03 in the evening | |
| | 6-29-03 first day ride worked | |
| | Warranty on Electronics & Hydraulics good until November 1, 2004 | |
| | Due to late delivery & glitches in the system | |

SERIAL NO.                    P.O. NO.

| DESCRIPTION OF TRADE-IN: MAJESTIC MUSIK EXPRESS | TOTAL | $400,000.00 |
|---|---|---|
| YEAR:          MODEL: | TRADE-IN ALLOWANCE | 300,000.00 |
| | SALES TAX IL 6.25% | 6,350.00 ~~25,000.00~~ ms |
| | DEPOSIT | |
| | BALANCE: | 106,250.00 ~~125,000.00~~ ms |

TERMS OF PAYMENT __BALANCE DUE AT TIME OF SHIPMENT__
DELIVERY DATE __APPROXIMATELY MID APRIL, 2003__
DELIVERY CHARGE _____ per mile x _____ miles

ALL SALES ACCEPTED SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE, INCLUDING AN ARBITRATION CLAUSE AND LIMITED WARRANTY. THIS OFFER IS VALID FOR ____ DAYS FROM DATE ABOVE NOTED.

SELLER _[signature]_        PURCHASER _Mark Sch[signature]_

WHITE CUSTOMER • YELLOW OFFICE • PINK ACCTG • GOLD OFFICE

## TERMS AND CONDITIONS FOR SALES CONFIRMATION

**1. DESCRIPTION OF GOODS SOLD AND DELIVERED**

Seller shall sell, transfer, and deliver to Buyer on or before the date stated on the face of this Sales Contract the goods and/or services referred to as "Goods" and as described on the face of this Sales Contract. The parties intend the foregoing description to be for purposes of identification of the goods to this Contract only and not to be made part of the basis of the bargain.

**2. ACCEPTANCE, PURCHASE, RATE AND TIME OF PAYMENT**

Buyer shall accept the goods and pay for them in accordance with the terms on the face of this Sales Contract.

Date of completion and date of delivery are as specified on the face of this Sales Contract.

Within_____ days of acceptance of this purchase order by seller, purchaser must furnish approved financial capabilities or approved financial statement to seller's satisfaction, otherwise seller may at its sole option, refund deposit in full and declare this entire agreement null and void and neither party will be further obligated hereunder.

**3. TERMS, PAYMENT**

In the event any of the terms of this Contract are different from or additional to those proposed by the Buyer in his purchase order, or those contained in any letter of credit or other document incidental in this Contract, the terms of this Contract shall prevail except when Buyer agrees in writing to make additional payments of either goods or services.

**4. COMPLETE AGREEMENT**

This writing is intended by the parties as a final expression of their agreement and is intended also as a complete and exclusive statement of the terms of their agreement. No course of prior dealings between the parties and no usage of the trade shall be relevant to supplement or explain any term used in this agreement. Acceptance or acquiescence in a course of performance rendered under this agreement shall not be relevant to determine the meaning of this agreement, even though the accepting or acquiescing party has knowledge of the nature of the performance and opportunity for objection.

**5. AMENDMENTS/ASSIGNABILITY**

No amendment or modification of this Contract shall be valid unless it is in writing and signed by the party to be charged.

No agent shall have authority to incur, on Seller's behalf, any obligations or liabilities other than those contained in this Agreement.

Purchaser may not assign this agreement without the written consent of the seller.

**6. DELIVERY**

This is a shipment Contract and the goods shall be delivered F.O.B., Factory.

Seller shall have the right to ship the goods sold hereunder in one or more shipments or deliveries as Seller deems advisable.

Each shipment or delivery hereunder shall be construed and considered as a separate sale under the terms and conditions of the Contract, and Buyer agrees to accept and pay for each such shipment or delivery as provided herein. Should Buyer fail to accept or pay for each such shipment or delivery, Seller may, without prejudice to any other lawful remedy, defer further shipments or deliveries until acceptance thereof by Buyer or payment is made by Buyer, or at its option, Seller may without liability whatsoever regard such failure to accept or pay for such shipment as a breach of the whole Contract and terminate this Contract to any unaccepted or undelivered portion thereof, as well as any other outstanding contract with Buyer, and Buyer shall be responsible for any expense and/or loss sustained by Seller by so doing.

If purchaser breaches this agreement by failing to take timely delivery or if for any reason does not pay the entire balance when due, seller shall retain the entire deposit as liquidated damages and neither party shall be further obligated hereunder.

**7. TITLE**

Title to the goods shall remain with the Seller until the Seller actually receives payment in full for goods.

**8. RISK OF LOSS**

Risk or loss or damage to, or destruction of the goods shall be with the Seller until delivery to carrier or Buyer at the point of sale stipulated on the face hereof.

**9. CLAIMS**

All claims of the Buyer for defects, non-conformity, loss, damages, errors, or shortage in goods delivered to Buyer under this Contract shall be made by Buyer in writing and delivered to the Seller within thirty (30) days after receipt of goods and before the goods or any part of them are put into operations or use or in any way changed from the original condition. Such written notice of claim shall fully specify all claimed defects, non-conformity, loss, damages, error or shortages in goods. All claims for loss, damages, errors, or shortage in goods must also be recorded on dock delivery receipt prior to removal of material from the pier or on inland Bill of Lading and/or trucker's receipt of goods delivered to Buyer or Seller and a copy of such delivery record shall be submitted to Seller, together with the above-mentioned written notice of claim. Upon receipt of written notice of claim, Seller shall have the right to inspect the material.

**10. NOTICE OF CLAIM**

The receipt by Seller of a written notice of claim within the time above specified shall be a condition precedent to Buyer's right to reject, cancel, replace or claim damages or to bring any suit, proceeding or demand arbitration. Such failure by the Buyer to give timely written notice shall against Seller constitute any irrevocable acceptance of the goods and an admission they fully comply with all the terms, conditions and specifications of this Contract.

**11. LIMITATION OF DAMAGE**

Seller shall not be liable for prospective profits or special incidental or consequential damages. No goods shall be returned to the Seller without Seller's written consent.

**12. WAIVERS**

The failure of either party at any time to require performance by the other party of any provision hereof shall in no way affect the full right to require such performance at any time thereafter, nor shall the waiver by either party of a breach of the same of any other such provision, nor constitute a waiver of the provision itself.

**13. SEVERABILITY OF CLAUSES**

In the event any term, condition, covenant or portion of this Contract is held to be unconscionable or otherwise invalid, the remainder of this agreement will remain in full force and effect and the Seller and Buyer hereby stipulate that such term, condition, covenant or portion of this Contract shall be limited and modified so as to avoid an unconscionable result, and as limited and modified shall become a part of this Contract. All titles used herein are for purposes of reference only.

**14. ARBITRATION**

Any controversy arising under, out of, in connection with or relating to this Contract or any amendment thereof or the breach thereof shall be determined and settled by arbitration in _____ in accordance with the Rules of the American Arbitration Association. Any award rendered therein shall be final and binding on each and all parties thereto and their personal representatives, and judgement may be entered thereon in any court having jurisdiction.

**15. LIMITATION OF ACTIONS**

Any action, arbitration or proceeding for a breach of this agreement must be commenced within six (6) months after the cause of action accrues.

**16. APPLICABLE LAW**

This agreement shall be construed and enforced under the laws of the State of _____.

**17. FORCE MAJEURE**

The Seller shall not be liable for any shipment or delivery, non-delivery, or destruction or deterioration of all or any part of the merchandise, or for any other default in performance of this Contract arising from acts of God, perils of the sea, acts of or restrictions imposed by any governmental authority, fire, war, insurrection, riot or civil commotion, strikes or lockouts, partial or total interruption or loss or shortage of transportation or loading facilities, failure of or delay in shipment on the part of the loading facilities, failure of or delay in shipment on the part of any supplier or suppliers, floods, drought, breakdown of machines, accidents causing stoppage of work, or from any other cause beyond control of the Seller, whether or not similar to the causes hereinbefore specified. The Seller may, upon removal of cause, resume making shipment of delivery. However, if the delay shall be more than sixty (60) days, balance of Contract may be cancelled by either the Buyer or Seller, who shall, when requested by the other party, state in writing whether he elects to cancel. If Seller is able to perform part of his obligation in spite of the event giving rise to his excuse, he need not make an allocation in accordance with Section 2-61(g) of the Uniform Commercial Code.

**18. MODIFICATION OF CREDIT**

Seller reserves the right at any time to alter or suspend credit or to change the credit terms provided herein, when in his sole opinion the financial condition of the Buyer so warrants.

In such a case, in addition to, any other remedies herein or by law provided, cash payment or satisfactory security from the Buyer may be required by the Seller before shipment or, if the due date of the payment by the Buyer under this Contract may be accelerated by the Seller. Failure to pay invoices at maturity date automatically makes all subsequent invoices immediately due and payable irrespective of terms, and Sellers may withhold all subsequent deliveries until the full account is settled. Acceptance by the Seller of less than full payment shall not be a waiver of any of his rights. Security deposited or made available to the Seller by the Buyer shall be taken as security for payments due under any other contract between the Buyer and Seller.

**19. LIMITED WARRANTY**

Seller warrants to Buyer all parts of this amusement ride manufactured by the Seller to be free under normal use and service from defects in workmanship for a period of six (6) months from the date of delivery to the original purchaser.

This warranty is limited to materials which have been used properly and given the necessary maintenance. It does not apply to wearable parts.

This warranty is further limited to repairs done at the Seller's facility. Should Buyer wish to have repairs done at a location other than the Seller's warehouse, then the Buyer shall pay all costs and expenses to send one of Seller's employees to the repair site. Buyer shall not be liable for the salary of Seller's employee.

This warranty includes all parts manufactured by Seller, except battery, tires, hydraulics, electrical, etc. which are covered under the manufacturer's warranty.

This warranty does not cover depreciation or damage caused by normal wear, accident, or improper maintenance, storage or use. Normal maintenance and replacement costs will be borne by the purchaser.

Under these conditions all such parts and materials will be invoiced to the customer upon shipment of required replacement parts. Full credit will be allowed on such parts subject to the following conditions:

A. Return of the damaged parts, freight prepaid, within fifteen (15) days from the date of invoice.

B. Upon examination of said parts, defects are found to exist to our satisfaction.

THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER EXPRESS OR IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTY OR MERCHANTABILITY OR FITNESS, AND OF ANY OTHER OBLIGATION ON THE PART OF THE SELLER.

**20. ENTIRE AGREEMENT**

This Agreement supercedes all prior understanding and agreements whether oral or written, between the parties, any may not be changed orally and no change, amendment or modification thereof shall be binding unless set forth in writing and signed by parties hereto.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written on the face of Contract.

AMERICAN ARBITRATION ASSOCIATION
ARBITRATION TRIBUNAL

In the Matter of the Arbitration between

Re: 51 181 M 00477 05
Windy City Amusements ("Claimant")
and
Majestic Manufacturing, Inc. ("Respondent")
-Chicago, Illinois

Case Manager: Chelsey Gaida

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named parties and dated March 7, 2003, and having been duly sworn and having duly heard the proofs and allegations of the parties DO HEREBY AWARD AS FOLLOWS:

1. Based upon the evidence and testimony introduced and presented at the hearing, I hereby award in favor of the Respondent, Majestic Manufacturing, Inc. and against the Claimant, Windy City Amusements.

2. Respondent is ordered to make all repairs, if any, that have heretofore not been made but are necessary or required in order to render the amusement ride that is the subject of this Arbitration, to wit: the Majestic X Scream, ("Ride") in a safe, operable condition, and satisfactory for its intended purposes.

3. I further order that the Ride be returned to Claimant within 30 days after Respondent certifies in writing to Claimant that it has made a physical inspection of the Ride, that it is in good, operating condition and is ready for shipment.

4. Respondent shall make arrangements with an appropriate shipper for pick-up of said Ride from Respondent's plant following delivery of the written certification set forth in paragraph 3 to Claimant, and deliver/ship said Ride to Claimant's place of business or warehouse facility where it stores its amusement rides, or as otherwise directed by Claimant, the cost of transportation/shipping to be prepaid by Respondent.

5. In the event that Claimant refuses to accept delivery of said Ride, it shall be returned promptly to Respondent, and Respondent shall thereafter sell said Ride,

after advertising same for sale in appropriate trade magazines or other publications that are normally used to advertise the sale of amusement rides and after reimbursing itself for the cost of any and all transportation charges and costs of sale incurred by it in connection with said attempted delivery and subsequent sale, refund the balance of the sales proceeds, if any, to Claimant within 30 days following said sale.

6. The administrative fees and expenses of the American Arbitration Association ("the Association") totaling $6,000.00, and the compensation and expenses of the arbitrator totaling $21,279.63 shall be borne equally. Therefore, Respondent shall reimburse Claimant the sum of $2,999.99, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

7. This Award is in full settlement of all claims submitted to this arbitration. All claims not expressly granted herein are HEREBY DENIED.

Dated: January 3, 2008

_____
DAVID L. KABAT, Arbitrator

#422583

AMERICAN ARBITRATION ASSOCIATION
ARBITRATION TRIBUNAL
Chicago, Illinois

In the Matter of the Arbitration Between

WINDY CITY AMUSEMENTS

and

MAJESTIC MANUFACTURING, INC.
Case Manager: Chelsey Gaida

Case No. 51 181 M 00477 05

## ORDER

**THIS MATTER COMING** to be heard on Respondent's Motion for Modification of Award pursuant to Rule 46 of the Commercial Arbitration Rules of the American Arbitration Association and Claimant's Motion to Strike in response thereto,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Claimant's Motion to Strike is **DENIED**.

2. Claimant's Motion for Recovery of Attorney's Fees for filing its Motion to Strike is **DENIED.**

3. The relief sought by Respondent in its motion for Modification of Award is not to correct clerical, typographical or computational errors but rather seeks reconsideration of the merits of the claim previously decided or relief for which no supporting testimony was presented at the hearing. It should be noted that the testimony received at the hearing established that following Respondent's inspection and corrective repairs consisting of reversing the wiring on a small arm assembly that had been switched and relocating a proximity switch to its original location, the amusement ride was fully operational and no testimony was offered as to the cost of any repairs made by Respondent nor any claim made by Respondent to recover the cost of said repairs nor was any testimony offered as to any future repairs nor was any testimony offered or any claim made by Respondent seeking an award or recovery for storage fees and/or shipping costs. Respondent voluntarily paid for the cost of shipping the ride back to its plant in 2004. Accordingly, Respondent's Motion for Modification of Award Pursuant to Rule 46 is **DENIED.**

Dated: February 5, 2008

DAVID L. KABAT, Arbitrator

321774

# FARACI & FARACI
Attorneys at Law

Peter S. Faraci
Dominick D. Faraci

Of Counsel
George N. Leighton
Retired U.S. District Court

301 West Touhy
Park Ridge, Illinois

Office  (847) 292-0031
Fax     (847) 292-0054

May 16, 2008

Tom Sheehan, Esquire
Sheehan & Lowen
6 Spring Street
Cary, IL 60013

RE:   51 181 M 00477 05
      Windy City v Majestic

Dear Tom:

Pursuant to the Award of Arbitrator, Majestic was to "make all repairs, if any, that have heretofore not been made but are necessary or required in order to render the amusement ride that is the subject of this arbitration, to wit: the majestic X-Scream, ("Ride") in a safe, operable condition, and satisfactory for its intended purposes." Further, pursuant to Paragraph 3 Majestic was ordered "Certify in writing to claimant that it had made a physical inspection of the ride, that, it is in good operating condition and ready for shipment.

As of today's date, we have yet to hear from you or your client regarding the Certification and return of the X-Scream to Windy City. As both you and your client know, the carnival season in Chicago has been in going for over a month already. Based on the arbitrators order, Windy City planned on having this ride available and in operation for this coming season.

Please advise as to when we can review Majestics Certification of the ride, and expect delivery of the same.

Very truly yours,

Peter S. Faraci